Caer, J.
delivered the unanimous resolution of the court, to discharge the rule for the mandamus. He said—We think we should restrict this provision of the statute, as nearly as possible to the class of cases for which it seems to have been made. A contrary course would bring before us every cause, which the chancellor might, upon reasons deemed sufficient by him, continue. This, surely, could never have been intended, nor could it be endured. We think, that by taking this 14th section in connexion with those which precede it, in the statute, we may find ground for this narrow construction. The purpose of the statute was to quicken the slow and cumbrous march of equity; to bring cases more speedily, and with less expense, to hearing : to these ends, all its provisions are directed. It takes away the necessity of serving a decree nisi; and enables the plaintiff to have the cause set for hearing, unless the defendant, within four months after service of the subpoena, shall appear and plead, answer or demur. After several other provisions, comes this 14th section, which gives the mandamus. We think we may fairly say, that the provision was meant to provide against any attempt of the judge to thwart the object of the statute, by refusing to try the causes prepared for hearing, at the first term: and not, in all causes depending, to give an immediate application for a mandamus, whenever the court should, in its discretion, continue a cause. The provision is sufficiently anomalous in this restricted form ; but taken in the larger sense, it would be monstrous. We think it best to place our decision on this general ground alone.
Rule discharged.